NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARLAND A. JONES, | No. 19-15345 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00281-LJO-SKO |
| v. | |
| MAILROOM OFFICIALS, CSATF; MAILROOM OFFICIALS, Valley State Prison, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

California state prisoner Garland A. Jones appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First Amendment

claims in connection with his legal mail.  We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Jones's action because Jones failed to allege facts sufficient state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211-12 (9th Cir. 2017) (requirements for a First Amendment claim arising from the opening of legal mail); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation omitted)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (under § 1983, the focus is "on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-15345

All pending motions and requests are denied.

**AFFIRMED.**